UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ERMINO BENITEZ,

                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER VANWEDDINGER SHIED NO.:
31124, DETECTIVE MELVIN MEJIA SHIELD NO.:
301 AND SERGEANT ARLENE CONWAY,

                                    Defendants.
-------------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

**Index No.**      **16 CV 6497**

       Plaintiff, by his attorney, Jason L. Lopez, as and for his complaint hereby alleges as

follows:

## Parties

       1.      Plaintiff ERMINO BENITEZ presently resides and is domiciled in the State of

New Jersey.

       2.      Upon information and belief defendant the CITY OF NEW YORK (hereinafter

"City") is a municipal corporation domiciled in the State of New York.

       3.      Upon information and belief, defendant POLICE OFFICER CHRISTOPHER

VANWEDDINGER SHIED NO.: 31124 (hereinafter "Vanweddinger," DETECTIVE MELVIN

MEJIA SHIELD NO.: 301 (hereinafter "Mejia") and SERGEANT ARLENE COONWAY

(hereinafter "Conway") reside and are domiciled in the State of New York.

### Jurisdiction -Venue

       4.      This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth,

Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and

laws of the State of New York.  This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4).

5.      Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events giving rise to this action occurred in the Southern District.

<u>General Allegations of Fact</u>

6.      Plaintiff presently resides in New Jersey.

7.      At all times relevant hereto, the City maintained, controlled and operated the New York City Police Department which is empowered under the laws of the State and City of New York to prevent, respond to and investigate crimes.

8.      Upon information and belief, at all times relevant hereto, Police Officer Vanweddinger, Police Detective Mejia, and Police Sergeant Conway were employed by the New York City Police Department.  As such, Police Officer Vanweddinger, Police Detective Mejia, and Police Sergeant Conway at all times relevant hereto, possessed the authority under the color of law to make arrests, investigate crimes committed in the City of New York and file criminal complaints.

9.      On August 19, 2013 Plaintiff was lawfully in the vicinity of 58 East 130th Street, New York, NY 10037.

10.     At said location, Defendants without probable cause illegally searched Plaintiff and subsequently placed Plaintiff in handcuffs and transported him to the 25th Precinct.  Plaintiff remained incarcerated approximately a month before posting bail.

11.     Plaintiff, as a direct result of the criminal complaint sworn out by Defendant Police Officer Vanweddinger on August 20, 2013, was charged under New York County Docket

No.: 2013NY064468 with one count of Criminal Sale of a Controlled Substance in the Third Degree pursuant to Penal Law §220.39 (hereinafter "Criminal Complaint").

12.     Thereafter, on August 23, 2013 Defendants Police Officer Vanweddinger and Police Detective Mejia testified before a New York County grand Jury and reiterated the false allegations contained in the Criminal Complaint.

13.     As a result of the aforementioned Defendants' false testimony, Plaintiff was indicted under New York County Indictment No.: 3794/13.

14.     On April 30, 2014 and May 1, 2014 Defendant Police Detective Mejia testified at a suppression hearing pertaining to New York County Indictment No.: 3794/13 where he again reiterated the false allegations contained in the Criminal Complaint.  As a direct result of Defendant Police Detective Mejia's false testimony the criminal action pending against Plaintiff continued.

15.     On or about June 24, 2014 the false allegations lodged against Plaintiff under New York County Indictment No.: 3794 proceeded to trial.

16.     At the conclusion of that trial on or about August 6, 2014 the jury returned a verdict of NOT GUILTY.

17.     The charges against Plaintiff were subsequently dismissed and sealed on or about August 6, 2014.

### FIRST CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983

18.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 17.

19.     At all times pertinent hereto the defendants acted under color of law in connection with their false arrest and imprisonment of Plaintiff.

20.     That on August 19, 2013 the defendants wrongfully seized, detained, searched, arrested and imprisoned plaintiff in violation of his constitutional rights including but not limited to violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution in violation of his rights secured by the Constitution and laws of the State of New York.

## SECOND CAUSE OF ACTION
### FAILURE TO INTERVENE - 4TH AMENDMENT - PURSUANT TO 42 U.S.C. §1983

21.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 20.

22.     Members of the New York City Police Department have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the New York City Police Department employing unjustified and excessive force against a civilian or falsely arresting a civilian. Defendants failed to intervene in the aforementioned conduct.  Defendants failed to intervene against the aforementioned constitutional acts and as a result allowed Plaintiff to suffer a violation of his constitutional rights and loss of liberty.

## THIRD CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983 AS A RESULT OF MALICIOUS PROSECUTION

23.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 22.

24.     Upon information and belief, Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against Plaintiff relating to his arrest on August 19, 2013.

25.     Defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff relating to his arrest on August 19, 2013.

26.     Defendants acted with malice in initiating and continuing a criminal proceeding against Plaintiff with respect to his August 19, 2013 arrest.

27.     Upon information and belief, Defendants misrepresented and falsified evidence to the New York County District Attorney relating to the events surrounding Plaintiff's arrest on August 19, 2013 at the initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

28.     Upon information and belief, Defendants did not make a complete and full statement of the events surrounding Plaintiff's arrest on March 8, 2012 to the New York County District Attorney at the initiation and throughout the criminal proceeding maliciously lodged against Plaintiff.

29.     Upon information and belief, Defendants withheld exculpatory evidence from the New York County District Attorney regarding Plaintiff's arrest on August 19, 2013 at the initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

30.     Upon information and belief, Defendants falsely arrested and commenced criminal proceedings against Plaintiff to achieve objectives outside the legitimate means of the legal process.

31.     Despite the above, the criminal proceeding against Plaintiff was dismissed and sealed on or about August 6, 2014.

32.     As a result of the foregoing, Defendants deprived Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments of the United States Constitution.

33.     As a result of the foregoing, Defendants deprived Plaintiff of his liberty.

**FOURTH CAUSE OF ACTION**
DENIAL OF CONSTUTIONAL RIGHT TO FAIR TRIAL PURSUANT TO 42 U.S.C. §1983

34.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33.

35.     Upon information and belief, Defendants misrepresented and created false evidence against Plaintiff.

36.     Upon information and belief, Defendants communicated misrepresented and false evidence to members of the New York County District Attorney's office that caused the initiation of the aforementioned criminal proceeding against Plaintiff relating to his August 19, 2013 arrest.

37.     Upon information and belief, Defendants maintained that the misrepresented and false evidence was true throughout all phases of the criminal proceeding against Plaintiff relating to his August 19, 2013 arrest.

38.     As a result of the aforementioned, Defendants violated Plaintiff's constitutional rights to a fair trial under the due process clause of the Fifth Amendment and Fourteenth Amendment of the United States Constitution.

**FIFTH CAUSE OF ACTION**
MUNICIPAL LIABILITY/MONELL CLAIM PURSUANT TO 42 U.S.C. §1983

39.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 38.

40.     Defendants arrested, incarcerated and subjected Plaintiff to the aforementioned criminal proceeding in the absence of any evidence of criminal wrongdoing knowing that such

actions would violate Plaintiff's constitutional rights, deprive him of his liberty and negatively impact his well-being.

41.     The Defendants carried out the acts complained of in their official capacities as members of the New York City Police Department under the color of law pursuant to the customs, policies, practices, procedures and rules of the City of New York and New York City Police Department under the supervision of their superiors.

42.     Upon information and belief, the customs, policies, practices, procedures and rules of the City of New York and New York City Police Department that the Defendants followed include but are not limited to the following:

     i.     fabricating evidence against innocent persons falsely arrested during alleged narcotics investigations

     ii.     falsely arresting individuals and subjecting them to  criminal proceedings despite credible evidence which exonerates the accused individual of any criminal activity

43.     The aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department may be inferred from similar repeated wrongful conduct documented in previous civil rights claims filed against the City of New York including but not limited to the following:

- *Diaz v. City of New York,* United States District Court, Southern District of New York, 08CV6399

- Richardson v. City of New York, United States District Court, Eastern District of New York, 05CV2375

- Stewart v. City of New York, United States District Court, Eastern District of New York, 05CV2375

- *Douglas v. City of New York,* United States District Court, Southern District of New York, 03CV6475

- Flood v. City of New York, United States District Court, Southern District of New York, 03CV10313

44. The aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department presented a deliberate indifference to the safety and well-being of Plaintiff and served to violate Plaintiff's constitutional rights as alleged above.

45. The aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department empowered and motivated the Defendants to violate Plaintiff's constitutional rights as previously alleged.

46. As a result of aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department Plaintiff was wrongfully and maliciously subjected to a criminal proceeding as previously alleged in violation of his constitutional rights.

## **GENERAL DAMAGE**

47. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 46.

48. As a result of the actions and inactions of the Defendants set forth herein, the plaintiff was caused to incur a violation of his civil and constitutional rights and a loss of liberty including but not limited to spending approximately a month incarcerated.

49. As a result of the actions of the defendants set forth herein, the Plaintiff was caused to sustain shock, embarrassment, humiliation, and fear that prevents the plaintiff from engaging in and enjoying ordinary daily activities, nervousness, anxiety and stress. As such, the plaintiff seeks damages in the amount of one million dollars ($1,000,000.00).

50. This action falls within one of the exceptions set forth in C.P.L.R. Article 16.

## PUNITIVE DAMAGES

51.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 50.

52.     The defendants actions as set forth herein rise to a level of wanton, reckless, malicious and intentional disregard of the plaintiffs civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions

## SPECIAL DAMAGES

53.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 52.

54.     Plaintiff seeks to recover reasonable attorney's fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against the defendants for the amount in excess of the jurisdictional limits of the Court together with attorney's fees, interest, costs, and such other relief as the court may deem appropriate.

Dated: New York, NY
        August 16, 2016

LAW OFFICE OF JASON LOPEZ
By: JASON L. LOPEZ

*Attorneys for Plaintiff*
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

### VERIFICATION

I, Ermino Benitez, am the Plaintiff in the annexed action and have read the foregoing Complaint and believe the contents thereof to be true to the best of my knowledge other than those matters stated to be upon information and belief of which I believe the same to be true.

ERMINO BENITEZ

Sworn before me this 16th
day of August 20 16

NOTARY PUBLIC

**JASON L. LOPEZ**
**Notary Public, State of New York**
**No. 02LO6087319**
**Qualified in New York County**
**Commission Expires February 18, 2019**

JASON L. LOPEZ
Notary Public, State of New York
No. 02LO6307319
Qualified in New York County
Commission Expires February 16, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERMINO BENITEZ,

                              Plaintiff,

       -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER VANWEDDINGER SHIED NO.:
31124, DETECTIVE MELVIN MEJIA SHIELD NO.:
301 AND SERGEANT ARLENE CONWAY,

                           Defendants.
------------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

**Index No.**      **16  CV 6497**

## SUMMONS & VERIFIED COMPLAINT

LAW OFFICE OF JASON LOPEZ
*Attorney for Plaintiff*
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

The undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that,
upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: August 16, 2016

                                     Jason J. Lopez

Service of the within is hereby admitted
Dated:

                                   _____
                                   Attorney(s) for